IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS ABBOTT, JOSEPH STAKEY, and DANIEL WELCH, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>DR. CHAD SOMBKE, TOM BEAUCLAIR, DR. JOHN NOAK, DR. THOMAS KRUZICH, DR. KENNETH KHATAIN, LARRY HYNES, RODNEY ROE, and PRISON HEALTH SERVICES, <br><br>　　　　Defendants. | Case No. CV-03-472-S-BLW <br><br>**ORDER** |

Pending before the Court are the following motions: (1) Defendants' Motion to Strike Affidavit (Docket No. 55); (2) Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 59); (3) Plaintiffs' Motion for Preliminary Injunction (Docket No. 64); and (4) Defendants' Motion for Summary Judgment (Docket Nos. 71-72). After reviewing the record and pending motions in this case, the Court enters the following Order.

**BACKGROUND**

**ORDER  1**

Plaintiffs are inmates in the custody of the Idaho Department of Correction (IDOC). They are presently incarcerated at the Idaho State Correctional Institution (ISCI). Plaintiffs named the following Defendants in the lawsuit: (1) Chad Sombke, Ph.D.; (2) Thomas Beauclair, Director of the IDOC; (3) John Noak, M.D.; (4) the Idaho Board of Corrections; (5) Prison Health Services; (6) Thomas Kruzich, M.D.; (7) Kenneth Khatain, M.D.; (8) Larry Hynes; and (9) Rodney Roe.

Plaintiffs allege that they suffer from serious mental illness and prison officials have failed to provide adequate treatment, thereby violating their Eighth Amendment rights. Medical providers at the prison have allegedly failed to continue psychiatric medications prescribed by psychiatrists who treated the mentally ill inmates prior to their incarceration. Plaintiffs have allegedly been informed that the medications they were using prior to incarceration are too expensive, and therefore, less expensive alternatives will be substituted. The alternative medication is allegedly the type that sedates the mentally ill inmates, rather than treating their underlying mental illness.

Plaintiffs further allege that the prison psychologist repeatedly fails to accurately diagnose and treat seriously mentally ill inmates. Rather than providing treatment, the psychologist allegedly confines the inmates to a strip cell for several days and then accuses the inmates of faking their mental illness symptoms.

**ORDER  2**

Plaintiffs also claim that the strip cells are unobserved with no emergency call mechanism. As a result of the failure to provide mental health treatment, Plaintiffs allege that five mentally ill inmates have recently committed suicide at the prison. They allege that their untreated mental illness may result in their own suicide attempts.

Plaintiffs further allege that they are being denied participation in program or services offered by the prison and are subject to discrimination due to their mental illness. They also claim that they are denied the appropriate psychiatric medication because the medication costs more than the type used to merely sedate the inmates. Plaintiffs allege that the medication being used for mentally ill inmates has had a devastating effect on the patients. Inmates with other kinds of illness are allegedly provided adequate treatment and medication.

The Court determined that the issues in this case were sufficiently complex to warrant involvement of an attorney to investigate and prosecute the Plaintiffs' claims. Therefore, after several attempts to locate an attorney for Plaintiffs, the Court appointed Dana Hofstetter, a sole practitioner, to represent Plaintiffs. At the time of Ms. Hofstetter's appointment, the Court also issued a scheduling order for the case. After the scheduling order was issued, the Court determined that another inmate case involving mental health treatment issues would potentially be

**ORDER  3**

consolidated with the present case, and it gave the parties an opportunity to object to the notice of intent to consolidate.  Counsel for Defendants Sombke and Khatain filed objections to the consolidation.

Prior to the appointment of counsel for Plaintiffs, they filed two motions.  First, they requested leave to file an amended complaint, and second, they sought transfer to a mental hospital in order to obtain treatment for their psychiatric illness, as well as appointment of an expert for their case.  The Court will deny these motions without prejudice to re-filing them.  Plaintiffs' counsel may review the relief requested in these motions, and determine which requests may legitimately be re-filed.

Immediately after the appointment of Plaintiffs' counsel, Defendants filed a Motion for Summary Judgment.  Based on the short time span between the appointment of Plaintiffs' counsel and the filing of the Motion for Summary Judgment, the Court will deny Defendants' Motion without prejudice to re-filing it.  The Court will also order the parties to submit a proposed set of amended pre-trial scheduling deadlines for the action.

Additionally, the parties are informed that the Court is conducting a search for counsel to represent Mr. Harvey in *Harvey v. Khatain*, CV-05-S-91-BLW.  The Court will delay the issue of consolidation until such time as an attorney is

**ORDER  4**

appointed to represent Mr. Harvey.

Finally, the Court will order the parties to notify the ADR Program Director, Denise Asper, about their availability to attend a settlement conference with Judge David O. Carter between the dates of August 21-25, 2006.  Ms. Asper may be reached at (208) 334-9067.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Strike Affidavit (Docket No. 55) is DENIED without prejudice to re-filing it.

IT IS FURTHER HEREBY ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 59) is DENIED without prejudice to re-filing it.

IT IS FURTHER HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (Docket No. 64) is DENIED without prejudice to re-filing it.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Summary Judgment or to Dismiss (Docket Nos. 71-72) is DENIED without prejudice to re-filing it.

IT IS FURTHER HEREBY ORDERED that the parties shall submit proposed pre-trial scheduling deadlines for this case within twenty (20) days of this

**ORDER  5**

Order's date.

IT IS FURTHER HEREBY ORDERED that the parties shall notify the Court's ADR Program Director within twenty (20) days about their availability for a settlement conference in this case between the dates of August 21-25, 2006.

DATED: **March 2, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  6**