IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DENNIS ABBOTT, JOSEPH STAKEY, and DANIEL WELCH, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. CV-03-472-S-BLW (Lead Case) |
| v. | ) ) | |
| DR. CHAD SOMBKE, TOM BEAUCLAIR, DR. JOHN NOAK, DR. THOMAS KRUZICH, DR. KENNETH KHATAIN, LARRY HYNES, RODNEY ROE, and PRISON HEALTH SERVICES, | ) ) ) ) ) ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| Defendants. | ) | |
| _____ | ) ) | |
| BEN C. HARVEY, | ) ) | |
| Plaintiff, | ) ) | Case No. CV-05-91-S-BLW |
| v. | ) ) | |
| I.M.S.I. Mental Health Psychologist CHAD SOMBKE, and Psychiatrist KENNETH KHATTAIN, | ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the following motions: (1) Plaintiffs' Motions

for Leave to File Amended Complaints (Docket Nos. 88 and 89); (2) the IDOC

**ORDER  1**

Defendants' Motion for Leave to Order Audio Recording (Docket No. 102); (3) the Plaintiff's renewed motion for class certification (Docket No. 103); and the Plaintiff's motion for appointment of a Rule 706 neutral expert.  Having reviewed the record and supporting briefs on the Motions, the Court will grant Plaintiffs' Motions to file the amended complaints, and it will also authorize the IDOC Defendants to obtain a copy of the audio recording from the recent settlement conference in which they participated.  The Court also directs the parties to submit further briefing on the class certification issue, and to submit their position on the Plaintiff's request that the Court appoint a Rule 706 neutral expert.

## BACKGROUND

Plaintiffs Harvey, Abbott, Welch, and Stakey claim that they suffer from mental illness.  They allege that Defendants violated their Eighth Amendment rights by failing to provide adequate treatment for their psychiatric illnesses and that the only form of treatment Defendants provide for mentally ill inmates is a limited range of medications.  They further allege that the medications used to treat their illnesses were discontinued, and the substituted medications are inadequate to stabilize their mental illness conditions.  There is allegedly no type of mental health assessment, evaluation, and therapy for inmates who are experiencing suicidal thoughts.  Plaintiffs further allege that there have been  inmate suicides as

**ORDER  2**

a result of the inadequate mental illness treatment.

## MOTIONS TO AMEND COMPLAINT

Plaintiffs filed Motions requesting leave to amend their Complaints. The requests for leave to amend were timely filed pursuant to the Court's Scheduling Order. In *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the court explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This court has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires.'" *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (citations omitted). Thus " Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Webb*, 655 F.2d at 979 (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)).

832 F.2d at 1135-36.

Defendants object to the addition of certain parties and remedies that were included in the Plaintiffs' proposed amended complaints, but the Court does not view the objections as valid. The alleged prejudice to the Defendants from

**ORDER  3**

allowing the amended complaints is insignificant.  To the extent Defendants decide to challenge claims or remedies in the amended complaints, they may assert the challenges through motions for summary judgment.

Accordingly, the Court will allow Plaintiffs to file their amended complaints.  Defendants may either file answers to the amended complaints, or they may agree that the previous Answers will apply to the amended complaints.

## MOTION FOR AUDIO RECORDING

The IDOC Defendants requested a copy of the audio recording made at the parties' Mediation Conference held on August 24, 2006.  The matters placed on the record during the Conference are considered privileged and confidential.  *See* District of Idaho Local Civil Rule 16.5.  Therefore, the IDOC Defendants' use of the audio recording will be limited by Rule 16.5.  It appears that they intend to use the recording as a way to review the results of the ADR proceedings, and therefore, the Court will grant the Defendants' request.

Counsel for the IDOC Defendants may contact the Supervisor of Courtroom Services at (208) 334-9327, to obtain a copy of the audio recording. Only the portion of the recording from August 24, 2006 will be provided to the IDOC Defendants.

**ORDER  4**

## PLAINTIFFS' RENEWED MOTION
## FOR CLASS CERTIFICATION

Plaintiffs Abbott, Stakey, and Welch renewed their earlier request for class certification.  (Docket No. 103).  In order to more effectively determine the merits of the Motion, the Court will request that Perkins Coie submit additional briefing on the issue of class certification for mentally ill inmates at IMSI and ISCI.  The Court requests that Perkins Coie address the factors set forth in Federal Rule of Civil Procedure 23, including names of potential class representatives and a proposed notice to class members.  Perkins Coie may consult with Comprehensive Advocacy, Inc., an entity specializing in representing persons with physical and mental disabilities, on such issues as the need for guardians ad litem for mentally ill class representatives and other class members.

The Court requests that the supplemental briefing from Perkins Coie be submitted within thirty (30) days of this Order's date.  Defendants' response to the briefing on the class certification issue will be due twenty-one (21) days thereafter.

## ORDER RE: APPOINTMENT
## OF RULE 706 EXPERT

Plaintiffs also filed a motion requesting the appointment of a Court expert. Based on this request, the Court issues an order to show cause as to the need for appointment of a neutral expert.  Federal Rule of Evidence 706 allows the Court to

**ORDER 5**

enter an order appointing an independent expert of its own selection or one nominated by the parties, and then allocate the cost of the expert. Fed. R. Evid. 706 (a)-(b) (the expert's fees may be allocated among the parties "in such proportion and at such time as the court directs."). Rule 706 allows the district court to appoint a neutral expert on its own motion or that of a party. *Students of Cal. School for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985); *see also Beaver v. Board of County Commissioners of Gooding County*, 1991 WL 350749, *1-2 (D. Idaho)(appointing neutral expert for prisoner case on jail conditions); *Balla v. State of Idaho*, CV81-1165-S-EJL (appointing neutral expert on issue of overcrowding at medium security facility).

     The Advisory Committee Notes to Federal Rule of Evidence 706 state that the "practice of shopping for experts, the venality of some experts, and the reluctance of many reputable experts to involve themselves in litigation, . . ." gave rise to the concern about and need for neutral experts. *Federal Civil Judicial Procedure and Rules,* p. 434 (2005). The Court's decision to appoint a neutral expert is reviewed under an abuse of discretion standard. *Students of Cal. School for the Blind*, 736 F.2d at 549. This rule does not limit the parties' ability to retain their own experts, and Defendants may file objections to the appointment of a

**ORDER  6**

Court expert.

The parties are requested to submit the following to the Court: (1) their objections, if any, to the appointment of a Rule 706 expert; (2) the names of potential Rule 706 experts; (3) a set of proposed directives for the expert; and (4) a proposed cost allocation for the expert's fees.  This information shall be submitted to the Court within thirty (30) days of this Order's date.

Prior to deciding whether a Rule 706 expert will be appointed, the Court will determine whether the case will proceed as a class action or as individual inmates' claims.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motions for Leave to File Amended Complaints (Docket Nos. 88 and 89) are GRANTED.

IT IS FURTHER HEREBY ORDERED that the IDOC Defendants' Motion for Leave to Order Audio Recording (Docket No. 102) is GRANTED as set forth above.

IT IS FURTHER HEREBY ORDERED that the supplemental briefing outlined above shall be submitted from Perkins Coie on Plaintiffs' Motion for Class Certification on or before November 6, 2006.  Defendants' response shall be filed on or before November 30, 2006.

**ORDER  7**

IT IS FURTHER HEREBY ORDERED that the parties shall file on or before November 6, 2006 the following: (1) their objections, if any, to the appointment of a Rule 706 expert; (2) the names of potential Rule 706 experts; (3) a set of proposed directives for the expert; and (4) a proposed cost allocation for the expert's fees.

DATED: **October 4, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  8**